United States District Court
Southern District of Texas
**ENTERED**
April 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER T. SMALL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00064 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

# MEMORANDUM AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher T. Small is an inmate in the custody of the Bureau of Prisons at Federal Correctional Institution Three Rivers, in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to have his sentence vacated. (Doc. Nos. 1, 2.) For the reasons discussed below, the undersigned recommends that Petitioner's action be DISMISSED. The relief Petitioner seeks can be granted only though a motion brought in the sentencing court under 28 U.S.C. § 2255.

### A. Background, Part 1: Petitioner is sentenced as an armed career criminal.

Petitioner's claim arises from a federal criminal case in the Western District of Texas, Austin Division, and his disagreement with having been sentenced as an armed career criminal.

1

In August 2017, Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1]  The district court sentenced Petitioner to 188 months' confinement, among other punishments.[2]  In doing so, the district court found that Petitioner was an "armed career criminal" as contemplated by 18 U.S.C. § 924(e).[3]  The court therefore determined that Petitioner's offense level under the Sentencing Guidelines was 34 and that his criminal history category was VI, thus yielding an advisory guideline range of 188 to 235 months' confinement.[4]

Small did not file a direct appeal of his conviction or sentence, so his conviction became final.  In August 2018, however, Petitioner filed a motion in the Western District of Texas – the sentencing court – pursuant to 28 U.S.C. § 2255.[5]  In that motion, Petitioner contended that the district court had erroneously classified him as an armed career criminal.  In Petitioner's view, his prior convictions for unarmed bank robbery[6] did not qualify as the "violent felonies" required for classification as an armed career criminal.[7]

---

[1] *See United States v. Small*, No. 1:17-cr-00141, Doc. No. 38, Judgment in a Criminal Case, p. 1 (W.D. Tex. Aug. 4, 2017).  Petitioner's underlying criminal case is referred to in this memorandum as the "Small Western District case."

[2] Small Western District case, Doc. No. 38, p. 2.

[3] *See* Small Western District case, Doc. No. 45, pp. 1-2.

[4] *See id.*; *see also* U.S. Sentencing Guidelines Manual §§ 4B1.4(b)(3)(A), 4B1.4(c)(2) (2016).

[5] Small Western District case, Doc. No. 40, Motion to Vacate under 28 U.S.C. 2255 (Aug. 6, 2018).

[6] *See* 18 U.S.C. § 2113(a).

[7] Small Western District case, Doc. No. 45, pp. 2-4.

The district court rejected Petitioner's argument, observing that Petitioner had three prior convictions for unarmed bank robbery. One of those convictions, the court noted, occurred in the Western District of North Carolina. The other two convictions occurred in the District of South Carolina; those convictions were entered on the same date, but the crimes of conviction occurred on different dates.[8] The district court determined that Petitioner's bank robberies did qualify as violent felonies, so it denied the section 2255 motion, and also denied a certificate of appealability.[9] Petitioner attempted to appeal this decision to the United States Court of Appeals for the Fifth Circuit, but that court likewise denied a certificate of appealability.[10]

### B.  Background, Part 2: The Wooden *decision and Petitioner's two actions.*

On March 7, 2022, the United States Supreme Court decided *Wooden v. United States*.[11]  In that case, the court determined that defendant Wooden was improperly classified as an armed career criminal. Wooden had burglarized ten contiguous storage units on the same night, each immediately after the other, and his sentenced was enhanced because he was found to have committed three "violent felonies" that had been "committed on occasions different from one another."[12]  The Supreme Court found that

---

[8] *Id.*, p. 4 & n.2.

[9] *Id.* pp. 4-5.

[10] *United States v. Small*, No. 18-50918 (Aug. 1, 2019) (available at Small Western District case, Doc. No. 51).

[11] *Wooden v. United States*, __ U.S. __, 142 S. Ct. 1063 (2022).

[12] *Wooden*, 142 S. Ct. at 1067-68.

the ten burglaries were all committed on one "occasion," rather than on ten sequential occasions on the same night, and thus amounted to only one "violent felony."[13]

Inspired by *Wooden*, on March 15, 2022, Petitioner filed in the Fifth Circuit a motion for permission to file a second action under section 2255.[14] In his motion, Petitioner argues that *Wooden* created a new substantive rule of law which, in Petitioner's view, applies retroactively. He further contends that he was convicted of bank robbery in 1999, and that after his "release from federal prison in 2003, Small left (or absconded) his supervised release and proceded [sic] to rob three more banks under 18 USC 2113(a), resulting in one Kansas state conviction for simple robbery, and two federal convictions."[15] Petitioner concludes that he is "squarely situated within the parameters" of *Wooden*, and thus "only had two occasions of prior violent crimes suitable to an ACCA enhancement, not three."[16] On that same date, March 15, 2022, the Fifth Circuit gave Petitioner 30 days to file a "proper motion for authorization to proceed in the district court," along with (among other things) a copy of the proposed section 2255 motion that Petitioner requests to file in the district court.[17] As of the time of this memorandum and

---

[13] *Id.* at 1074.

[14] Motion to File New Section 2255 Motion Attacking Sentence, *Small v. United States*, No. 22-50184, Doc. No. 00516239831 (5th Cir. Mar. 15, 2022) (attached to this memorandum and recommendation as Appendix A).

[15] *Id.* at 2 (parenthetical characterization in original).

[16] *Id.*

[17] Fifth Circuit letter to Petitioner, *Small v. United States*, No. 22-50184, Doc. No. 00516239838 (5th Cir. Mar. 15, 2022) (attached to this memorandum and recommendation as Appendix B).

recommendation, the Fifth Circuit's records do not reflect receipt of the materials requested of Petitioner.

On March 31, 2022, Petitioner filed the instant action in the Southern District of Texas, the judicial district in which he is confined.[18]  Petitioner brings this action under 28 U.S.C. § 2241.  On the preprinted form used for the action,[19] Petitioner checked the box stating that he is challenging the "validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)."[20]  Petitioner additionally states: "I am challenging the validity of my sentencing enhancement under Title 18 U.S.C. Section 924(e); the Armed Career Criminal Act."[21]  Petitioner acknowledges that he has filed his request with the Fifth Circuit for permission to file a second section 2255 motion, but states without elaboration that he is "cancelling" that request.[22]  Petitioner states that, in light of *Wooden*, he "would no longer be considered an Armed Career Criminal because my enhancement rests on a series of bank robberies under Title 18 U.S.C. 2113(a) that only amount [to] two occasions, instead of three as the court initially counted them."[23]  Petitioner concludes

---

[18]  Doc. Nos. 1, 2; *see* Doc. No. 2, p. 1.

[19]  Petitioner handwrote his action on AO Form 242, Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

[20]  Doc. No. 2, p. 3.

[21]  *Id.*

[22]  *Id.* at 4.

[23]  *Id.*

that his 188-month sentence should be vacated and that he should be resentenced without the armed career criminal enhancement.[24]

### C. Law.

The Court has jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 2241. This is because Petitioner is confined in this district, and section 2241 petitions must be filed in the district in which the prisoner is incarcerated.[25] Rule 1(b) and Rule 4 of the Rules Governing § 2254 Cases provide authority to summarily dismiss frivolous habeas petitions, including those filed under section 2241, upon preliminary review and prior to any answer or pleading by the respondent.[26]

A writ of habeas corpus under section 2241 is the appropriate vehicle for a sentenced prisoner to attack the manner in which the sentence is carried out, or the prison authorities' determination of its duration.[27] By contrast, an action under 28 U.S.C. § 2255 is the appropriate means to level a collateral attack on a federal sentence for errors cognizable on collateral review that occurred at or prior to sentencing.[28] Section 2241 is not a substitute for section 2255: when a section 2241 petition seeks to challenge the validity of a federal sentence, the petition must either be dismissed or construed as a

---

[24] *Id.* at 7.

[25] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); 28 U.S.C. § 124(b)(6).

[26] *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

[27] *Pack*, 218 F.3d at 451.

[28] *Id.*

section 2255 motion.[29]  Section 2255 motions, however, must be filed in the sentencing court.[30]

## D. Analysis.

### 1. Petitioner's action is filed in the wrong court, and must be dismissed.

Petitioner's section 2241 action, by his own words, seeks to challenge the validity of his sentencing enhancement as an armed career criminal.[31]  His challenge is aimed squarely at the sentencing court's determination when imposing sentence that Petitioner was an armed career criminal.  Petitioner does not challenge the interpretation or carrying out of his sentence by the Bureau of Prisons.  Accordingly, Petitioner must bring his challenge to his sentence in the sentencing court – the Austin Division of the Western District of Texas.  Because Petitioner has filed his action in the wrong court, the proper result is for the Court to dismiss his petition without prejudice to his filing in the correct court if he desires.[32]

### 2. Section 2255's savings clause does not impel a different result.

One provision of law can conceivably serve as an exception to the requirement that a petitioner bring a motion in the sentencing court under 28 U.S.C. § 2255.  Section 2255, which ordinarily functions as a limit on habeas claims filed by prisoners serving federal sentences, contains a "savings clause."  This savings clause allows prisoners to

---

[29] *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

[30] *Pack*, 218 F.3d at 451.

[31] Doc. No. 2, p. 2.

[32] *See Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001).

bring actions under section 2241 if they can demonstrate that section 2255 is "inadequate or ineffective to test the legality" of the prisoner's detention.[33] The section 2255 remedy is inadequate or ineffective where (1) the section 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first section 2255 motion.[34] Petitioner bears the burden of proving that the section 2255 remedy is inadequate.[35]

The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that the petitioner "may have been imprisoned for conduct that was not prohibited by law."[36] Petitioner's assertion here is that the district court erred in sentencing him as a career offender by misconstruing Petitioner's predicate offenses; Petitioner does not argue that he is actually innocent of the offense of which he was convicted (being a felon in possession of a firearm) or that he has been imprisoned for conduct that is not prohibited by law. A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction, and thus is not the type of claim that warrants

---

[33] 28 U.S.C. § 2255(e).

[34] *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[35] *See Wesson v. United States Penitentiary, Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002); *McGhee v. Hanberry*, 602 F.2d 9, 10 (5th Cir. 1979).

[36] *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001) (internal quotation marks and citation omitted).

review under section 2241.[37] "Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)."[38] Additionally, section 2255's remedy is not inadequate or ineffective based solely on the fact that Petitioner's previous section 2255 motion was unsuccessful, or because any subsequently filed section 2255 motions will likely be classified as successive and thus barred.[39]

The Fifth Circuit's decision in *Santillana v. Upton*[40] does not change this view. In that case, the defendant, an illicit distributor of controlled substances, received a sentence enhancement under 21 U.S.C. § 814(b)(1)(C), a mandatory minimum sentence triggered when the later use of that drug causes death or serious injury. A subsequent Supreme Court decision established that a defendant cannot be held liable under this penalty enhancement unless the drug's use is a "but-for" cause of the death or injury.[41] The Fifth Circuit held that Santillana could bring an action under section 2241, because the Supreme Court decision indicated that Santillana had potentially been convicted of a nonexistent offense.[42]

*Santillana* is different from Petitioner's case. 21 U.S.C. § 841(b)(1)(C) calls for a sentencing enhancement based on the elements of the crime of conviction. By contrast,

---

[37] *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder*, 222 F.3d at 213-14).

[38] *Penson v. Warden, Federal Correctional Institute Three Rivers*, 747 F. App'x 976, 977 (5th Cir. 2019) (citing *Bradford*, 660 F.3d at 230).

[39] *See Jeffers*, 253 F.3d at 830; *Kinder*, 222 F.3d at 213; *Pack*, 218 F.3d at 453.

[40] *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017).

[41] *Burrage v. United States*, 571 U.S. 204, 218-219 (2014).

[42] *Santillana*, 846 F.3d at 785.

the sentence enhancement that Petitioner received was based on career offender status, an analysis of prior conduct not related to the crime of conviction. Fifth Circuit decisions have consistently applied this distinction,[43] and *Santillana* does not claim to alter these precedents.

Accordingly, the undersigned concludes that section 2255's savings clause does not apply to Petitioner's case. Petitioner's section 2241 action should therefore be dismissed.[44]

### E. Conclusion and recommendation.

For the reasons stated above, the Court recommends that Petitioner's section 2241 action be DISMISSED.

### F. Notice to parties.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R.

---

[43] *E.g.*, *Bradford*, 660 F.3d at 230; *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *see also Williams v. Warden USP Beaumont*, 609 F. App'x 269, 270 (5th Cir. 2015); *Vinson v. Maiorana*, 604 F. App'x 349, 350 (5th Cir. 2015); *Williams v. Nash*, No. 3:18-cv-338, 2019 WL 2156956, at *2 (S.D. Miss. May 17, 2019).

[44] The Court also notes that, even if Petitioner could bring his section 2241 action, the action could face an uphill battle on the merits. Documents filed in Petitioner's various cases indicate that he has been convicted of bank robberies which he committed on at least three different occasions. Petitioner was convicted of bank robbery in the Western District of North Carolina, and then suffered two more convictions for bank robberies he committed in the District of South Carolina. Although the South Carolina convictions were entered on the same day, those robberies apparently occurred on different dates. *See* Small Western District case, Doc. No. 45, p. 4 n.2. The gist of the *Wooden* opinion is that offenses committed on a single "occasion" are to be treated as a single conviction for purposes of the armed career criminal enhancement. *See Wooden*, 142 S. Ct. at 1074. Because Petitioner's three bank robberies occurred on different dates, it is doubtful that they would be treated as having occurred on fewer than three "occasions," even if two of the convictions were entered on the same date.

Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED on April 13, 2022.

                                                                                          _____
                                                                                          MITCHEL NEUROCK
                                                                                          United States Magistrate Judge

# APPENDIX A



IN THE UNITED STATES COURT
OF APPEALS FOR THE
FIFTH CIRCUIT

UNITED STATES OF AMERICA,
    Plaintiff,

v.

CHRISTOPHER SMALL
    Defendant.

Case No. 1:17-cr-00141-SS-1

Motion to file new Section 2255 Motion Attacking Sentence

### Relief Sought

Comes now Defendant, Christopher Small (Small), and moves this Court for an order for permission to file a second motion pursuant to 28 U.S.C. Section 2255 para. 8.

### Grounds

The facts on which this motion is based are as follows:

1) Small first filed a motion under 28 USC Section 2255 and was denied on October 19, 2018.

2) Petitioner seeks permission to present a second motion in the Western District of Texas - Austin Division, pursuant to 28 U.S.C. 2255, para. 8.

### Legal Argument(s)

Petitioner should be allowed to file this second motion based on the following:

On March 07, 2022, the United States Supreme Court

-1-

created a new substantiative rule of law in Wooden v. United States, Case No. 20-5279.

In particular, the case turned on the meaning of the statutory phrase, "occasions different from one another," as it applies in 18 U.S.C. 924(e), the "Armed Career Criminal Act." (The ACCA).

The ACCA holds that three prior offenses must have occurred on "occasions different from one another." The Supreme Court determined that the origin of the 'occasions' clause confirms that multiple crimes may occur on one occasion, even if not at the same moment — or separated by a period of time, occurring as a single "episode."

Small is squarely situated within the perameters of Wooden; Small was convicted of Bank Robbery 2113(a) in early 1999. After his release from federal prison in 2003, Small left (or obsconded) his Supervised Release and proceded to rob three more banks under 18 USC 2113(a), resulting in one Kansas state conviction for simple robbery, and two federal convictions.

Under the Supreme Court's ruling in Wooden, Small only had two occasions of prior violent crimes suitable to an ACCA enhancement, not three.

### Retroactivity

New substantiative rules generally apply retroactively, (citations omitted), and a rule is substantiative, rather than procedural, if it alters the range of conduct or the class of persons that the law punishes. This also includes decisions that narrow the scope of a criminal statute by interpreting its terms, as is the case here. Thus, Wooden is made retroactive to cases on collateral review, entitling the Defendant, Small, to the relief requested.

### Conclusion

-7-

For the reasons stated herein, Small respectfully requests that this motion be granted.

Certificate of Service

I, Christopher Small, hereby swear under the penalty of perjury that the foregoing is true and correct to best of my knowlege, and that this motion requesting permission to file a second 2255 was placed in the prison mailbox at FCI Three Rivers, with pre-paid first class postage to the United States Court of Appeals for the Fifth Circuit on March 08, 2022, by the Defendant.

Duly Sworn and Signed,

Christopher Small
Reg. No. 13873-058
FCI Three Rivers
PO Box 4200
Three Rivers, TX
78071

-3-



Christopher Small #13873-058 / Unit Lo-B #2lo
Federal Correctional Institution Three Rivers
Post office Box 4200
Three Rivers, Texas 78071

The Clerk of Courts
Fifth Circuit Court of Appeals
600 South Maestri Place
New Orleans, LA 70130

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
9 MAR 2022 PM 2 L

70130-344040

# APPENDIX B

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 15, 2022

#13873-058
Mr. Christopher Small
FCI Three Rivers
U.S. Highway 72, W., P.O. Box 4200
Three Rivers, TX 78071-0000

       No. 22-50184     In re: Christopher Small

Dear Mr. Small,

We have received and filed your motion to file a second application for a 28 U.S.C. § 2255 motion.

You have **30 days** from the date of this letter to file with this court a proper motion for authorization to proceed in the district court and to send the documentation below. **The motion may not exceed 30 pages or 13,000 words pursuant to FED. R. APP. P. 32(a)(7).** Please use the case number shown above in your motion. If you fail to file a proper motion for authorization within this 30 day period, or properly request an extension of time, the clerk will enter an order dismissing your application for failure to comply.

If you wish to file a second or successive § 2255 motion in the district court, you must make a prima facie showing that you satisfy either of the two conditions found in § 2255(h):

(A)   there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found you guilty of the offense; **or**,

(B)   there is a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable.

You must attach the following documentation to your § 2255 motion to this court:

(1)   a copy of the proposed § 2255 motion you are requesting permission to file in the district court

(2)   copies of all previous § 2255 motions challenging the sentence received in any conviction for which you are currently

      incarcerated; all previous § 2241 petitions challenging the terms and conditions of your imprisonment;

(3)    any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or § 2241 petition;

(4)    all court opinions and orders disposing of the claims advanced in (2) or (3) above;

(5)    all magistrate judge's reports and recommendations issued in connection with the claims advanced in (2) or (3) above.

If, after due diligence and through no fault of your own, you cannot obtain the documents described above, you should submit an affidavit describing the steps you took to obtain them and explaining why you were unsuccessful. If possible, you should also identify by court, case name and case number any proceeding for which you cannot obtain the documents in (2) and (3) above.

The 30 day time limit within which this court must address your § 2255 motion will not begin to run until the clerk's office receives your response to this letter.

The original and one copy of the application must be mailed to:

      U.S. Court of Appeals for the Fifth Circuit
      Office of the Clerk
      600 S. Maestri Place
      New Orleans, LA  70130

      Sincerely,

      LYLE W. CAYCE, Clerk

      *Charles Whitney*

By: _____
Charles B. Whitney, Deputy Clerk
504-310-7679